Robert D. Fram (Bar No. 126750)
    Email:  rfram@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Jo Dale Carothers (Bar No. 228703)
    E-Mail: jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA  92212-1226
Telephone:     (858) 678-1800
Facsimile:      (858) 678-1600

Attorneys for Defendant
TREND MICRO INCORPORATED

Michael A. Ladra (Bar No. 64307)
    Email:  mladra@wsgr.com
Stefani E. Shanberg (Bar No. 206717)
    Email:  sshanberg@wsgr.com
Robin L. Brewer (Bar No. 253686)
    Email:  rbrewer@wsgr.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 493-9300
Facsimile:  (650) 493-6811

Attorneys for Plaintiff
FORTINET, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FORTINET, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TREND MICRO INCORPORATED, a California corporation,<br><br>    Defendant. | Civil Case No.:  CV 08-05371 MMC<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle this litigation would be warranted.  Accordingly, the parties by and through their respective undersigned counsel, hereby stipulate to and request entry of the following Protective Order:

**1.     Definitions**

1.1     "Confidential" Information or Material:  All information or material, regardless of how generated, stored or maintained, that qualifies for protection under the standards developed pursuant to Fed. R. Civ. P. 26(c), including but not limited to information that the Designating Party believes in good faith is (1) not generally known to others and that it would not normally reveal to others except in confidence memorialized by a nondisclosure agreement, or (2) is otherwise protected by a right to privacy under state or federal privacy laws or any other applicable privilege or right related to confidentiality or privacy.

1.2     Counsel (without qualifier):  Outside Counsel and their support staff, along with attorneys who are employees of a Party in said Party's legal department and their support staff.

1.3     Designating Party:  A Party or nonparty that designates Disclosure or Discovery Material that it produces as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."

1.4     Disclosure or Discovery Material:  All information or material, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that is produced or generated in disclosures or responses to discovery in this action.

1.5     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to serve as an expert witness or a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.6     "Highly Confidential – Outside Counsel's Eyes Only" Information or Material:  Information or material that is highly proprietary and/or competitively sensitive, and for which the risk of improper use arising from disclosure outweighs the rights of the other Party to review the item.

1.7     Outside Counsel:  Attorneys who are not employees of a Party, but who are retained to represent or advise a Party regarding this action.

1.8     Party:  Any person or entity named as a plaintiff or defendant in this action, including all officers, directors, employees, and support staff of such named entities.

1.9     Producing Party:  A Party or nonparty that produces Disclosure or Discovery Material in this action.

1.10    Professional Vendors:  Persons or entities who have been retained by a Party to provide litigation support services and their employees and subcontractors.

1.11    Protected Material:  Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."

1.12    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.     Scope and Duration

2.1     *Scope*.  The protections conferred by this Stipulation and Order cover not only Protected Material as defined below, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

2.2     *Duration*.  The confidentiality obligations imposed by this Stipulation and Order shall begin upon execution of this Stipulation by the Parties.  Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 3.     Designation of Protected Material

3.1     *Exercise of Care*.  Each Party or nonparty seeking to designate information or material for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards.

3.2     *Manner of Designation*.  The designation of information or material as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" for purposes of this Protective Order requires the following:

A.      In the case of information in documentary form (apart from depositions or other pretrial or trial testimony), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as appropriate, to each page of any document containing Protected Material at the time such documents are produced or such information is disclosed.

A Party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Outside Counsel's Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  The Producing Party shall thereafter affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as appropriate, to each page of any document containing Protected Material at the time such documents are produced.

For documents produced electronically in native format, that the Producing Party either (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") in a clear, distinctive manner to any document containing Protected Material, or (2) affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") prominently to the exterior of any CD, DVD, Flash Drive or any other media containing Protected Material.

B.      In the case of testimony given in deposition or in other pretrial or trial proceedings, that the Party or nonparty offering, giving or sponsoring the testimony provide written notice of such designation sent by Counsel to all Parties within thirty (30) days after the receipt by Counsel of the transcript of the testimony; or that the testifying party or their Counsel, or any other counsel of record present at the testimony, invoke the provisions of this Protective Order in a timely manner during the proceeding, giving adequate warning that the testimony

about to be given is deemed "Confidential," or "Highly Confidential – Outside Counsel's Eyes Only."  The parties shall treat all testimony given in deposition or in other pretrial or trial proceedings hereunder as "Highly Confidential – Outside Counsel's Eyes Only" until the expiration of the thirty (30) days after the receipt by counsel of the transcript of the testimony. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of this Court.

Portions of depositions that are designated at the time as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" shall be attended only by the witness and any persons authorized by this Order to access Protected Material bearing the asserted designation, as set forth in Sections 5.3 and 5.4 below.

Transcript pages containing Protected Material and any document containing Protected Material used as an exhibit at the deposition must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" as instructed by the Party or nonparty seeking protection, and access thereto shall be limited to persons authorized by this Order to access Protected Material bearing the asserted designation, as set forth in Sections 5.3 and 5.4 below.

C.     In the case of information produced in some form other than documentary and for any other tangible item, that the Producing Party affix in a prominent place on the exterior of the information or material, or container(s) in which the information or material is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE  EYES ONLY," as appropriate.

3.3     *Inadvertent Failure to Designate*.  If timely corrected, an inadvertent failure to designate qualified information or material as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" information does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If a Producing Party inadvertently produces "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" information

without designating it as such, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing. The Receiving Party shall thereafter treat the information or material in accordance with the provisions of this Order. To the extent the information or material may have been disclosed to persons other than authorized persons described in this Order, the Receiving Party shall make every reasonable effort to retrieve it promptly from such persons and to limit any further disclosure to non-authorized persons.

3.4 *Inadvertent Disclosure of Information Immune from Discovery*. If a Producing Party inadvertently discloses to a Receiving Party information or material that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such inadvertent disclosure advise the Receiving Party and request that the information or material be returned or destroyed. It is further agreed that the Receiving Party will return or confirm destruction of such inadvertently produced information or material and all copies thereof within fifteen (15) days of the earliest of (a) discovery by the Receiving Party of the inadvertent production, or (b) receiving a written request for the return or destruction of such information or material. The Receiving Party having returned or confirmed destruction of such inadvertently produced information or material may thereafter, without asserting waiver because of the inadvertent production, seek production of any such material in accordance with the Federal Rules of Civil Procedure.

## 4. Challenge and Withdrawal of Confidentiality Designations

4.1 *Timing of Challenges*. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4.2 *Procedure Regarding Challenges*. A Party may challenge a Designating Party's designation of information or material produced herein as "Confidential" or "Highly

1   Confidential – Outside Counsel's Eyes Only" by notifying the Designating Party in writing

2   explaining the basis for its belief that the confidentiality designation was not proper.

3           A.      Upon notification, the parties shall confer in good faith, with the

4   challenging Party giving the Designating Party an opportunity to review the designated material,

5   to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

6   for the chosen designation.  A Designating Party will have a reasonable time to review the

7   designated material and to inform the challenging Party in writing of its decision to change the

8   designation or to explain its basis for declining to change the designation.

9           B.      If the Parties remain unable to reach an agreement as to the designation

10  following the meet and confer process required above at Section 4.2(A), the challenging Party

11  may make an appropriate application to this Court, requesting that specifically identified

12  information or material be excluded from provisions of this Protective Order or downgraded in

13  terms of the degree of protection provided.  Each such application must be accompanied by a

14  competent declaration that affirms that the movant has complied with the meet and confer

15  requirements imposed in the preceding paragraph and that sets forth with specificity the

16  justification for the confidentiality designation that was given by the Designating Party in the

17  meet and confer dialogue.

18          C.      The burden of persuasion is any such challenge proceeding shall be on

19  the Designating Party.  Until a dispute over the asserted designation is finally resolved by the

20  parties or the Court, all Parties shall treat the information or materials in question as designated

21  by the Designating Party.

22      4.3     *Withdrawal of Designation.*  If it comes to a Party's or nonparty's attention that

23  information or material designated as Protected Material under this Order does not qualify for

24  protection at all, or does not qualify for the level of protection initially asserted, that Party or

25  nonparty must promptly notify all other Parties that it is withdrawing the mistaken designation.

26      **5.      Access To And Use Of Protected Material**

27      5.1     *Basic Principles.*  A Receiving Party may use Protected Material that is disclosed

28  or produced under this Protective Order only for prosecuting, defending, or attempting to settle

1  this litigation.  Such Protected Material may be disclosed only to the categories of persons and

2  under the conditions described in this Order.

3      5.2    *Maintenance of Protected Material*.  Protected Material shall be stored and

4  maintained by a Receiving Party in a secure manner that ensures that access is limited to the

5  persons authorized to receive Protected Material under this Order.

6      5.3    *Disclosure of "Confidential" Information or Material*.  Unless otherwise ordered

7  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose

8  any information or material designated "Confidential" only to:

9      A.    The Receiving Party's Outside Counsel in this action, as well as

10  employees of said Outside Counsel to whom it is reasonably necessary to disclose the

11  information for this litigation;

12      B.    A control group of no more than three (3) individuals who are employees,

13  managers, officers and/or members of the corporate board of directors of such Receiving Party

14  with responsibility for maintaining, defending, or evaluating this litigation (and supporting

15  personnel), provided that any such individual has signed the "Agreement to Be Bound by

16  Protective Order" (Exhibit A) and an executed copy of Exhibit A is produced to the Producing

17  Party five (5) business days in advance of such individual's receipt of information or material

18  designated as "Confidential."

19      C.    Experts of the Receiving Party to whom disclosure is reasonably

20  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

21  Order" (Exhibit A);

22      D.    During their depositions or at trial, witnesses in this action (1) who have

23  prior knowledge of the information or material; (2) who are testifying on behalf of the

24  Designating Party, including present and former employees of the Designating Party, as well as

25  any person the Designating Party designates under Fed. R. Civ. P. 30(b)(6); or (3) to whom

26  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

27  Protective Order" (Exhibit A);

28

1        E.      Court reporters, Professional Vendors, and mock jury members to whom

2 disclosure is reasonably necessary for this litigation and who have been appropriately informed

3 of their confidentiality obligations;

4        F.      The author, addressee or recipient of the document, or the original source

5 of the information; and

6        G.     The Court and its personnel, pursuant to Section 7.

7     5.4    *Disclosure of "Highly Confidential – Outside Counsel's Eyes Only" Information*

8 *or Material.*  Unless otherwise ordered by the Court or permitted in writing by the Designating

9 Party, a Receiving Party may disclose any information or material designated "Highly

10 Confidential – Outside Counsel's Eyes Only" only to:

11        A.     The Receiving Party's Outside Counsel in this action, as well as

12 employees of said Outside Counsel to whom it is reasonably necessary to disclose the

13 information for this litigation;

14        B.     Pursuant to Section 5.5, Experts of the Receiving Party to whom

15 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

16 Bound by Protective Order" (Exhibit A);

17        C.     During their depositions or at trial, witnesses in the action who (1) have

18 prior knowledge of the information or items; or (2) are testifying on behalf of the Designating

19 Party, including present and former employees of the Designating Party, as well as any person

20 the Designating Party designates under Fed. R. Civ. P. 30(b)(6);

21        D.     Court reporters, Professional Vendors, and mock jury members to whom

22 disclosure is reasonably necessary for this litigation and who have been appropriately informed

23 of their confidentiality obligations; and

24        E.     The Court and its personnel, pursuant to Section 7.

25     5.5 *Source Code.*  Should it become necessary for the parties to produce, exchange, or

26 request from third parties documents or other things that constitute, contain, or describe a party

27 or third party's source code which should be subject to greater restrictions regarding

28

1    confidentiality, the parties agree to enter into a supplemental protective order regarding the

2    further protection of such source code.

3       5.6  *Procedure for Approving Disclosure of "Highly Confidential – Outside*

4    *Counsel's Eyes Only" Information to Experts.*  The procedure for having an Expert approved to

5    have access to information or material designated as "Highly Confidential – Outside Counsel's

6    Eyes Only" shall be as follows:

7         A.  A Party seeking to have an Expert approved shall make a written request

8    to the Designating Party and attach (1) a current resume or curriculum vitae of such Expert,

9    which shall incorporate a description of the Expert's current and past employers in the past ten

10   (10) years (including, but not limited to, current and past work as an expert witness or as a

11   consultant), and (2) a copy of a completed "Agreement to Be Bound by Protective Order"

12   (Exhibit A) signed by the Expert.

13        B.  A Party that makes a request pursuant to the preceding paragraph may

14   thereafter disclose to the identified Expert material designated as "Highly Confidential –

15   Outside Counsel's Eyes Only" by the Designating Party, unless the Designating Party objects in

16   writing within ten (10) court days of delivery of the request.  Any such objection must include a

17   statement of the basis for objection.

18        C.  If the Designating Party so objects, the Parties shall meet and confer to

19   attempt to resolve the matter by agreement.  If the Parties cannot resolve the dispute, the

20   objecting Party may move the Court for an order that access to information designated "Highly

21   Confidential – Outside Counsel's Eyes Only" be denied to the identified Expert.  In any such

22   proceeding the Party opposing disclosure to the identified Expert shall bear the burden of

23   proving that the risk of harm that the disclosure would entail (under the restrictions of this Order

24   and any other safeguards proposed) outweighs the Receiving Party's need to disclose the

25   Protected Material to its Expert.  Until the dispute is resolved by the Court, any disputed

26   information or documents shall be treated as designated by the Designating Party and shall not

27   be shown to the identified Expert.

28

1      5.7    *Acknowledgement by Counsel to be Bound by Protective Order.*  All Counsel for

2 the Parties who have access to information or material designated as "Confidential" or "Highly

3 Confidential – Outside Counsel's Eyes Only" under this Protective Order acknowledge that they

4 are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing

5 this order.  Each and every attorney with the law firms representing the Parties in this case shall

6 be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge

7 of the restrictions herein.

8      5.8    *Use of Protected Material in Court Proceeding.*  In the event that any

9 information or material designated as "Confidential" or "Highly Confidential – Outside

10 Counsel's Eyes Only" hereunder is used in any court proceeding in this action or any appeal

11 therefrom, such information or material shall not lose its status as "Confidential" or "Highly

12 Confidential – Outside Counsel's Eyes Only" through such use.  Counsel for the Parties shall

13 confer on such procedures as are necessary to protect the confidentiality of any documents,

14 information and transcripts used in the course of any court proceedings, and shall incorporate

15 such procedures, as appropriate, in the pre-trial order.

16      **6.**    **Nonparty Protected Material**

17      6.1    *Material Implicating Confidentiality Rights of a Nonparty.*  In the event that

18 information or material in the possession, custody, or control of a Party involves the

19 confidentiality rights of a nonparty or that disclosure of such information would violate a

20 protective order issued in another action, the Party in control of the information will undertake

21 timely and reasonable efforts to obtain the consent of the nonparty to disclose the information

22 under this Order.  If the consent of the nonparty cannot be obtained, the Party in control of the

23 information will notify the Party seeking disclosure of (a) the existence of the information

24 without producing such information, and (b) the identity of the nonparty (provided that the

25 disclosure of the identity of the nonparty does not violate any confidentiality obligations).  The

26 Party seeking disclosure may then make further application to the nonparty or seek other means

27 to obtain such information.

28

6.2     *Production of Protected Material by Nonparty*.  A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to this Protective Order.  A nonparty's use of this Protective Order to protect its information does not entitle that nonparty access to "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" information produced by any other party.

### 7.     Filing Protected Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material or document summarizing, discussing or otherwise referencing Protected Material.  A Party that seeks to file under seal any such document or Protected Material must comply with Civil L.R. 79-5.

### 8.     Protected Material Subpoenaed Or Ordered Produced In Other Litigation

If a Receiving Party is served in other litigation with a subpoena, demand, or any other legal process seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" in this action by any other Designating Party, the Receiving Party shall give prompt actual written notice to the Designating Party, including a copy of the request, and shall object to its production to the extent permitted by law and/or cooperate with the Designating Party in such objection.

Should the person seeking access to the information or material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such subpoena, demand, or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Protected Material, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**9.     Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

**10.     Final Disposition**

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" hereunder shall destroy such material and all copies thereof including summaries and excerpts. Such destruction shall be certified by each Party in writing.  Alternatively, at the option and expense of the Producing Party, a Producing Party may request all Protected Material it produced be returned for its own disposition.

Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts and exhibits, and attorney work product that contains Protected Material) provided that such counsel, and employees of such counsel, shall not disclose any such Protected Material contained therein to any person or entity except pursuant to a written agreement with the appropriate Producing Party.  All materials returned to the Parties or their Counsel by the Court likewise shall be disposed of in accordance with this section.

**11.     Other Rights and Reservations**

11.1     *No Restriction on Parties' Use of Own Confidential Information*.  This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any

restrictions on the use or disclosure by a Party of information or material designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

A.     Was already known to such Party by lawful means prior to acquisition from, or disclosure by, the other Party in this action;

B.     Is or becomes publicly known through no fault or act of such Party; or,

C.     Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

11.2   *No Restriction on Legal Advice to Clients*.  Nothing in this Stipulation and Order shall restrict any Counsel from advising its clients with respect to this action or relying in a general way upon an examination of material designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, Counsel shall not disclose the contents of any "Highly Confidential – Outside Counsel's Eyes Only" material.

11.3   *Compliance with Protective Order not Prejudicial of Other Rights*.  Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or otherwise complying with the terms of this Protective Order shall not:

A.     Operate as an admission by any Party that any particular information or material designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

B.     Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only;"

C.     Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery or privileged;

D.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

E.      Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

F.      Prejudice in any way the rights of a Party to petition the Court for modification of this Order, or for a further protective order relating to any purportedly confidential information; or,

G.      Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

11.4   *No Abrogation of Obligations or Rights by Protective Order.*  This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections.

11.5   *No Bar to Seeking Further Relief.*  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the FRCP or any other basis for relief, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

11.6   *Right to Request Injunction.*  The Parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If any person violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and that in such a situation any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

1    **12.    Expert Communications & Draft Expert Reports**

2        Draft expert reports, personal notes, and expert communications with counsel shall not

3    be discoverable.

4

5    DATED: March 11, 2009                    COVINGTON & BURLING LLP

6

7                                             By:  /s/ Robert D. Fram
                                                  _____
8                                                 Robert D. Fram
                                                  Attorneys for Defendant
9                                                 TREND MICRO INCORPORATED

10   DATED: March 11, 2009                    WILSON SONSINI GOODRICH & ROSATI

11

12                                            By:  /s/ Stefani E. Shanberg
                                                  _____
13                                                Stefani E. Shanberg
                                                  Attorneys for Plaintiff
14                                                FORTINET, INC.

15

16   PURSUANT TO STIPULATION, IT IS SO ORDERED.

17   DATED: __March 13__, 2009

18                                            _____
                                             Honorable Maxine M. Chesney
19                                           United States District Judge

20

21

22

23

24

25

26

27

28