IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC., | No. C-08-5371 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| TREND MICRO INCORPORATED, | |
| Defendant / | |

Before the Court is defendant Trend Micro Incorporated's ("Trend Micro") motion to dismiss, filed February 23, 2009, by which Trend Micro seeks dismissal, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, of plaintiff Fortinet, Inc.'s ("Fortinet") First Amended Complaint ("FAC"). Fortinet has filed opposition, to which Trend Micro has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

1. As set forth below, and contrary to Trend Micro's argument, the First and Second Causes of Action[2] are not subject to dismissal on the grounds asserted by Trend Micro:

---

[1] By order filed March 31, 2009, the Court took the matter under submission.

[2] In the First and Second Causes of Action, Fortinet seeks a declaration that Fortinet, in light of the alleged invalidity and/or unenforceability of United States Patent Nos. 5,623,600 ("the '600 Patent") and 5,889,943 ("the '943 Patent"), has no contractual liability to pay royalties under the parties' Settlement and Patent License Agreement ("Agreement").

a. In light of Fortinet's allegation that if Fortinet ceases making royalty payments under the Agreement, "Trend Micro would bring suit against [Fortinet] for infringement and injunctive relief" (see FAC ¶ 40), the Court cannot find, at the pleading stage, the absence of a case or controversy.  See Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 121-22 (2007) (holding case or controversy existed, for purpose of defeating motion to dismiss based on lack thereof, where licensee alleged that if it failed to pay royalties, licensor would terminate license agreement and sue licensee for infringement). Further, although Trend Micro has offered evidence that, shortly before Fortinet filed the instant action, Trend Micro advised Fortinet in writing that Trend Micro did not "presently intend" to terminate the Agreement (see Markman Decl. Ex. 7), such evidence does not, as a matter of law, preclude Fortinet from establishing the existence of a case or controversy. See, e.g., C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 881 (Fed. Cir. 1983) (holding licensor's affidavit, offered in support of motion to dismiss for lack of case or controversy, that it "had and has no intention of terminating the license agreement or suing for infringement" was insufficient to preclude licensee from establishing case or controversy; observing that because licensor did not state it "would not terminate the agreement and would not bring an infringement suit," licensor was "free to terminate the agreement at a time of [its] choosing and institute an infringement action").

b. The Court cannot determine, from the face of the Agreement,[3] the parties intended to preclude Fortinet from seeking the above-referenced declaration.  See Foster v. Hallco Mfg. Co., 947 F.2d 469, 478-79 (Fed. Cir. 1991) (holding "assertion of invalidity of a patent by an alleged infringer is not a claim but a defense to the patent owner's claim" and patentee's obtaining an "invalid patent" creates "no legal right to a remedy in another") (internal quotation and citation omitted); see also Buckley v. Terhune, 441 F.3d 688, 695-

---

[3]Under the Agreement, Fortinet has released Trend Micro "from any and all liability for acts and omissions existing prior to the full execution of [the] Agreement relating to [certain prior] Lawsuits or to claims or counterclaims made by Fortinet regarding Trend Micro's enforcement of the Licensed Patents."  (See Markman Decl. Ex. 1 § 6.2.)  The FAC alleges the parties entered into the Agreement on January 27, 2006.  (See FAC ¶ 32.)

96 (9th Cir. 2006) (holding where language in contract is ambiguous, court must first interpret language "in the sense in which the promisor believed, at the time of making it, that the promisee understood it," and, if ambiguity still remains, court must interpret language "against the party who caused the uncertainty to exist"; applying California law);[4] cf. Flex-Foot, Inc. v. CRP, Inc., 238 F.3d 1362, 1364, 1367-68, 1370 (Fed. Cir. 2001) (holding party who enters into "settlement agreement containing a clear and unambiguous undertaking not to challenge validity and/or enforceability of the patent in suit" is "contractually estopped from raising any such challenge in any subsequent proceeding").

        c. The Court cannot, at the pleading stage, determine Fortinet's claims for declaratory relief are barred by the doctrine of claim preclusion. Where, as here, a court in a prior action has dismissed with prejudice an accused infringer's complaint for a declaration of invalidity and/or unenforceability,[5] a later-filed action for a declaration of invalidity and/or unenforceability of the same patent is barred by such dismissal, provided the allegedly threatened infringement claim would itself be barred by the dismissal. See Foster, 947 F.2d at 479-80. Here, the infringement action Fortinet alleges Trend Micro has threatened to file against Fortinet would be barred by reason of the prior dismissal, if the accused devices in the prior action and those in the allegedly threatened action are "essentially the same." See id. (holding "for claim preclusion to apply [as to a claim of infringement], the devices in the two suits must be essentially the same"). Neither the FAC nor any document of which the Court can take judicial notice, however, discloses that the devices implicated by such threatened action would be "essentially the same" as the

---

[4] The Agreement provides that it "shall be governed by and construed in accordance with the laws of the State of California." (See Markman Decl. Ex. 1 § 9.2.)

[5] In Trend Micro Inc. v. Fortinet, Inc., No. C-04-1785 RMW, Trend Micro alleged that Fortinet was infringing claims in the '600 Patent, and Fortinet, in a counterclaim, sought a declaration that the '600 Patent was invalid and/or unenforceable. (See Markman Decl. Ex. 1 at 1; Ex. 2.) By order filed February 13, 2006, said "action" was dismissed with prejudice. (See id. Ex. 3.)

3

1 devices that were the subject of the prior lawsuit.[6]

2     2. Contrary to Fortinet's argument, Fortinet's Third Cause of Action, by which Fortinet alleges a violation of § 2 of the Sherman Act and seeks treble damages, and the Fourth Cause of Action, by which Fortinet alleges a violation of § 17200 of the California Business and Professions Code and seeks restitution, disgorgement of profits, and a permanent injunction, are subject to dismissal without leave to amend. The Third and Fourth Causes of Action are based on the allegation that Trend Micro "procur[ed] the '600 Patent by knowing and willful fraud" occurring prior to April 22, 1997 (see FAC ¶¶ 18, 57),[7] that Trend Micro thereafter enforced the '600 Patent against Fortinet and others beginning in May 1997 in an effort to "monopolize the relevant market" (see, e.g., FAC ¶¶ 19, 27, 57), and that Fortinet has been "injured" by said enforcement (see FAC ¶ 78), which injuries include Fortinet's having "incurred significant expenses in defending against Trend Micro's infringement lawsuit" filed in 2004 (see FAC ¶¶ 27, 35). As discussed above, Fortinet has released Trend Micro from any "liability for acts and omissions existing prior to the full execution of [the] Agreement relating to . . . claims or counterclaims made by Fortinet regarding Trend Micro's enforcement of the Licensed Patents" (see Markman Decl. Ex. 1 § 6.2 (emphasis added)), and, as noted above, the FAC alleges the parties entered into the Agreement on January 27, 2006. Consequently, because the Third and Fourth Causes of

---

[6] In its reply, Trend Micro acknowledges that at least some products as to which Fortinet is currently paying royalties were not accused devices in the prior action, and requests the Court (1) "continue" the instant motion, (2) require Fortinet to "provide targeted discovery regarding the allegedly 'new' products," (3) set a "briefing schedule" on the issue of whether there are "colorable differences" between the "new" products and those at issue in the prior action, and (4) conduct a hearing on said issue. (See Def.'s Reply at 10.) The Court declines to continue the instant motion for such purpose. To the extent Trend Micro may be seeking to bifurcate the issue of "colorable differences" from other issues in the instant action, such request may be made in connection with the Case Management Conference.

[7] According to the FAC, the alleged "fraud" consists of Trend Micro's failure to disclose material prior art to the Patent and Trademark Office ("PTO") during the prosecution of the '600 Patent, in an attempt to "obtain a patent to which [Trend Micro] was not otherwise entitled." (See SAC ¶¶ 63-66.) Because the '600 Patent was issued by the PTO on April 22, 1997, the alleged fraudulent conduct necessarily occurred prior to April 22, 1997.

Action are based on "acts and omissions" that occurred before January 27, 2006 (see, e.g., FAC ¶¶ 18, 19, 27, 35, 57), the Third and Fourth Causes of Action are barred by the release provision in the Agreement.

**CONCLUSION**

For the reasons stated above, Trend Micro's motion to dismiss the FAC is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the Third and Fourth Causes of Action, the motion is hereby GRANTED, and the Third and Fourth Causes of Action are hereby DISMISSED without leave to amend.

2. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2009

MAXINE M. CHESNEY
United States District Judge