IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC., <br><br> Plaintiff, <br> v. <br><br> TREND MICRO INCORPORATED, <br><br> Defendant / | No. C-08-5371 MMC <br><br> **ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT; DISMISSING COUNTERCLAIM WITHOUT PREJUDICE; VACATING HEARING** |

Before the Court is defendant Trend Micro Incorporated's ("Trend Micro") "Renewed Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(1)," filed May 18, 2009. Plaintiff Fortinet, Inc. ("Fortinet") has filed opposition, to which Trend Micro has replied. Fortinet thereafter filed a surreply.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for June 26, 2009, and rules as follows.

The remaining claims in the First Amended Complaint ("FAC") are (1) the First Cause of Action, by which Fortinet seeks a declaration that Fortinet, in light of the alleged invalidity and/or unenforceability of United States Patent No. 5,623,600 ("the '600 Patent"), has no contractual liability to pay royalties under the parties' Settlement and Patent License

---

[1] Fortinet's administrative motion for leave to file a surreply is hereby GRANTED.

1 Agreement ("Agreement"), and (2) the Second Cause of Action, by which Fortinet seeks a
2 declaration that Fortinet, in light of the alleged invalidity and/or unenforceability of United
3 States Patent No. 5,889,943 ("the '943 Patent"), has no contractual liability to pay royalties
4 under the Agreement.[2]  To meet the jurisdictional requirement for such claims, Fortinet
5 alleges that a case or controversy warranting the requested relief exists; specifically,
6 Fortinet alleges that if Fortinet were to cease making royalty payments under the
7 Agreement, "Trend Micro would bring suit against [Fortinet] for infringement and injunctive
8 relief."  See FAC ¶ 40; Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 121-22 (2007)
9 (holding case or controversy existed, for purpose of defeating motion to dismiss based on
10 asserted lack thereof, where licensee alleged that if it failed to pay royalties, licensor would
11 terminate license agreement and sue licensee for infringement).

12 In support of the instant motion to dismiss, Trend Micro relies on a written covenant
13 not to sue, dated May 11, 2009, in which John Chen, Intellectual Property Counsel for
14 Trend Micro, states that "Trend Micro unconditionally and irrevocably covenants not to sue
15 Fortinet for infringement of any claim of U.S. Patent No. 5,623,600 or U.S. Patent No.
16 5,889,943 based on any activities proscribed under 35 U.S.C. § 271, whether past, present
17 or future."  (See Byrnes Decl., filed May 18, 2009, Ex. 1.)  Trend Micro argues that said
18 covenant eliminates the case or controversy alleged in the FAC.  The Court agrees.

19 Article III, § 2, of the Constitution requires the existence of a case or controversy
20 throughout all stages of federal judicial proceedings.  See Lewis v. Continental Bank Corp.,
21 494 U.S. 472, 477-78 (1990).  In order to satisfy the case-or-controversy requirement, "the
22 plaintiff must have suffered, or be threatened with, an actual injury traceable to the
23 [respondent] and likely to be redressed by a favorable judicial decision."  See Spencer v.
24 Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

25 Where a covenant or promise not to sue for infringement is, as here, filed "prior to
26 consideration or resolution" of an infringement claim, the "promise not to sue obviate[s] any

27

28 [2]By order filed April 28, 2008, the Court dismissed without leave to amend the Third and Fourth Causes of Action.

2

1  reasonable apprehension that the declaratory relief plaintiff might have of being held liable
2  for its acts of infringement." See Benitec Australia, Ltd. v. Nucleonics, 495 F.3d 1340,
3  1343, 1347 (Fed. Cir. 2007) (holding court lacked jurisdiction over claim seeking
4  declaration of patent invalidity, where patentee promised "not to sue [declaratory relief
5  plaintiff] for patent infringement arising from activities and/or products occurring on or
6  before the date dismissal [was] entered"); Super Sack Mfg. v. Chase Packaging Corp., 57
7  F.3d 1054, 1056, 1060 (1995) (holding declaratory relief action "rendered moot" when
8  patent holder stated it "unconditionally agree[d] not to sue [declaratory relief plaintiff] for
9  infringement as to any claim of the patents-in-suit based upon the products currently
10 manufactured and sold by [declaratory relief plaintiff]").

11      Fortinet argues a justiciable controversy nonetheless continues to exist. In that
12 regard, Fortinet first argues that because Trend Micro's covenant does not include a
13 promise not to sue Fortinet's "customers, partners, manufacturers, end users, distributors,
14 resellers, subsidiaries, and affiliates" for infringement (see Pl.'s Opp. at 5:21-22), and does
15 not include a promise not to sue Fortinet for infringement of patents other than the '600
16 Patent and the '943 Patent, a controversy still exists. The Court disagrees. The FAC does
17 not allege a controversy between Trend Micro and third parties to the instant action, such
18 as Fortinet's customers. Nor does the FAC allege a controversy as to patents other than
19 the '600 and '943 Patents. The possibility that, in the future, such additional controversy or
20 controversies may arise is insufficient to support jurisdiction over the controversy alleged in
21 the FAC. See, e.g., id. at 1060 ("The residual possibility of a future infringement suit based
22 on [the declaratory relief plaintiff's] future acts is simply too speculative a basis for
23 jurisdiction over [claims] for declaratory judgments of invalidity."); cf. WS Packaging Group,
24 Inc. v. Global Commerce Group, LLC, 505 F. Supp. 2d 561, 565-67 (E.D. Wis. 2007)
25 (holding where declaratory relief plaintiff alleged it faced "imminent personal injury from
26 [patentee's] threats against [plaintiff's] customers," covenant by patentee not to sue some,
27 but not all, of plaintiff's customers insufficient to moot case or controversy).

28      Fortinet next argues Trend Micro is not bound by the covenant, noting the covenant

1 is signed by counsel for Trend Micro, as opposed to one of Trend Micro's officers or board
2 members. As the Federal Circuit has held, however, where counsel for a patentee
3 covenants not to sue, the patentee is bound thereby. See Super Sack Mfg., 57 F.3d at
4 1059 (rejecting declaratory plaintiff's argument that covenant not to sue signed by counsel
5 for patentee did not bind patentee; holding patentee "cannot free itself of the estoppel that
6 its counsel has created with respect to [declaratory relief plaintiff] merely by retaining
7 different counsel, and no rule of agency law . . . can relieve [patentee] of the estoppel on
8 the ground that its current counsel acted ultra vires").[3]

9      Lastly, Fortinet argues that a case or controversy still exists because Trend Micro
10 continues to demand royalties. The FAC alleges, however, that Trend Micro has
11 threatened to file an infringement suit if Fortinet does not pay royalties (see FAC ¶ 40),
12 which threat is moot in light of the above-referenced covenant. Although the threat to file a
13 breach of contract claim may still exist, any case or controversy arising therefrom is not one
14 over which this Court has subject matter jurisdiction. See Luckett v. Delpark, 270 U.S. 496,
15 502 (1926) (citing "general rule" that "suit by a patentee for royalties under a license
16 . . ., or for any remedy in respect of a contract permitting use of a patent, is not a suit under
17 the patent laws of the United States, and cannot be maintained in a federal court as such");
18 Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc., 755 F.2d 1559, 1562 (Fed.
19 Cir. 1985) (holding claim by patent licensor seeking "recovery of royalties" and "damages
20 for a breach of a license's covenants" is not claim arising under federal law); see also
21 Speedco, Inc. v. Estes, 853 F.2d 909, 913 (9th Cir. 1988) (holding "fact that patent issues
22 are relevant under state contract law to the resolution of a contract dispute" does not
23 convert claim for breach of contract into claim arising under patent law; noting "invalidity of

---

[3] In support of its reply, Trend Micro relies on a declaration executed by Stephen Quane ("Quane") as President of Trend Micro, who states the covenant not to sue, as signed by counsel, is the position of Trend Micro. (See Quane Decl. ¶¶ 1, 3.) In its surreply, Fortinet asserts that a webpage operated by Trend Micro indicates Quane is the "Executive General Manager" of a "business unit" of Trend Micro, as opposed to its President. (See Surreply at 1:7-10.) Because the covenant became binding on Trend Micro when it was signed, see Super Sack Mfg., 57 F.3d at 1059, the Court finds it unnecessary to resolve any dispute that may exist with respect to Quane's title.

the patent merely would be raised by [declaratory relief plaintiff], if at all, as an excuse for its failure to perform under the contract, and therefore would only be an element of the defense to the contract action").[4]

Accordingly, Trend Micro's motion to dismiss will be granted.

Finally, where all claims over which a district court allegedly has original jurisdiction have been dismissed, a court may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). Here, having considered the matter, and in light of the relatively early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over Trend Micro's counterclaim for breach of contract, and, accordingly, will dismiss the counterclaim without prejudice to Trend Micro's refiling such claim in state court.

**CONCLUSION**

For the reasons stated above:

1. Trend Micro's motion to dismiss the First and Second Causes of Action is hereby GRANTED, and the First and Second Causes of Action are hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

2. Trend Micro's Counterclaim is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: June 24, 2009

MAXINE M. CHESNEY
United States District Judge

---

[4]Fortinet and Trend Micro are citizens of California. (See FAC ¶ 1; Answer ¶ 2.) Thus, the Court lacks diversity jurisdiction to address the issue of invalidity to the extent it may be raised as a defense to a state law claim for royalties. See Lear, Inc. v. Adkins, 395 U.S. 653, 674-76 (1969) (holding licensee may raise patent invalidity as defense to state law claim for royalties filed in state court; remanding action to state court to resolve defense of patent invalidity); cf. Altvater v. Freeman, 319 U.S. 359, 360-61, 364-66 (1943) (holding, where district court had diversity jurisdiction over patent licensor's state law claim for royalties, district court had jurisdiction to consider merits of patent license's defense that patent was invalid).